No.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**



2022 ...  ...

|  | Civil Action: |
|---|---|

William Hardy Saunders, Jr.,               )
Artist and Photographer, Black American; and, )
as disabled-American also on behalf minority )
group members as Class he represents, *et al.,* )

                                  )   **COMPLAINT**

                  Plaintiffs,   )   Request for **INJUNCTION**
                                    )   to issue; on special request
                 v.                )   for the previously sent
                                      )   two petitions for filing in
Administrative Office of United States Courts, )   U.S. Supreme Court, a
                                      )   Cert.; and NISI Mandamus
                                      )   both ordered forthwith
                Defendants.   )   accepted for filing in the
                                      )   Supreme Court.
                                      )   Jury Trial Demand.

*Defendant:*

Administrative Office of the United States Courts
[United States Attorney General Department of
Justice; 101-165 M St. NE, Washington, DC 20002]
One Columbus Circle NE.
Washington, DC 20544
(202)-502-2600

                                      *Plaintiff, Pro Se:*

                                      William Hardy Saunders, Jr.
                                      Artist & Photographer
                                      Elm Court; 300 Elm Road #225
                                      Princeton, New Jersey 98540
                                      (609) 731-6340
                                      *wsartistphotographer@yahoo.com*

## JURISDICTION

Courts are restrained use discretion deciding assigned Pro Bono counsel for

disabled litigant 'ineffective' communication. Jurisdiction, arise under Title III,

Section-2 of United States Constitution prevent real and imminent harm and return of discrimination. Judiciary, of government, its agency policy, practice, and pattern, fail to eliminate harm, is from courts repeated failure to misunderstand or in no obligation to ADA one who ineffective of communication, as proven. Federal court in 1992 fact findings concluded "exist since 1988" litigant with "illogical thought processes" is permanent disability. Impossible to perform adequately w/mental impairment nor meet court's standard a Judge to understand merit of claims or grant standing to sue, from pleadings alone. Judges having no mandate under Constitution, yet, by 'Law' is ADA, right to assigned Pro Bono counsel extraordinary circumstances demonstrated "communication ineffective." Administrative Office of United States Courts (AO) 28 U.S.C. § 604 charged with duty oversight Judges, and Clerks, for to protect disabled from self: to assist litigant. A "right" to benefit under Title II and III of 1990 Americans with Disabilities Act (ADA, Judges are prohibited from "discrimination based on disability" denying access to courts; Rehabilitation Act § 504, of 1973. Unsettled to degree Civil Rights Act of 1964, 42 U.S.C. §§ 1983, 28 U.S.C. 1331, whether the Fourteenth Amendment of United States Constitution, arguably, should be main source jurisdiction, standing to sue. A question need to be resolved by United States Supreme Court, and as follows:

> **In this case cause discrimination, extraordinary circumstance of ineffective communication, complaints filed, and motioning, inordinate rejections by *"...district courts shall have original jurisdiction of all civil actions arise under laws,"* meaning- ADA Act of Congress, also Title II *"require services from government agencies be provided"* meaning- Pro Bono counsel for effective communication for those mentally incompetent, disabled litigant..., *"each federal court required effective communications, Administrative Offices of United States Courts charged with providing as >policy< all federal courts reasonable accommodations (attorney "service") for those disabled..."***

-3-

*(PREAMBLE: Herein every reference with indication concerning to documents, records, events, incidents, orders, motions, newspaper accounts and reporting, medical information, federal courts decisions rulings or judgments, is along with supporting materials, has already been filed and made a part of this federal District Court of New Jersey, and by Exhibits, were sworn too upon affidavit the authenticity, and therefore are part of these proceedings; unless and until this court deems necessary and proper for further copies, Plaintiff pro se will abide by whatever requested).*

## BACKGROUND

1.     United States District Court for the Southern District of New York, in 1992, entered its judgment in No. 92 Civ. 7351 (PKL), deciding for Claimant- pro se Plaintiff herein "is a person with multitude permanent disabilities come under Social Security Act."

2.     Judge's written determination with 10-page order, that "Claimant disabled since 1988" by reason private physician medical Treatment Plan, Steroids Drug regime administered to combat serious and severe with diagnosis digestive-system disorder.

3.     Less than one month's time following introduction doctor prescribed 'overdose' steroids, caused responsible for a 'Roids Rage' whereas, patient, and because negative psychological effect steroids he/Claimant not capable of or prevented from being aware >condition< nor of being right or wrong.

4.     Arrest incident 1988, developed further serious mental health decline, and well-documented, is and presently sustaining by reason back then "abrupt removal" Treatment Plan steroids, then, after a few weeks returned placed back on steroids, this scenario instituted and exploited by government: Nina Keller, Assistant District Attorney (ADA) Manhattan, N.Y.C.

5.     Court records reveal (See: "Preamble") that Keller ADA, acting malicious misconduct without doctor authorization, nor approval, sent Claimant/defendant/plaintiff into a life-threatening spiral Steroidal Withdrawal Syndrome, her act of 'abrupt removal' for is a permanent mental incompetency, to date, affecting ability to effective communication.

-4-

6.    The same conclusion, opine, and 1992 ruling "since 1988 incident arrest and abrupt

removal ongoing life-saving medical Treatment Plan, for *i.e., "illogical through processes"* as

a permanent disability recognized under Americans with Disabilities Act (ADA).

7.    Thus, the effects of which described events above-aforementioned led to and a

significant part district court action failure to recognize or acknowledge "ineffective

communication" as real, imminent, and returning central value to inordinate Judge's

misunderstanding cause behind so many dismissals said "failure to state merit of claims"

when at the same moment court, by reason constitutional law; not allowed to use

discreation in the matter determination an ADA disability that has to do with lack of

performance basis communication skills.

8.    Very alarming, by indication Docket having to do with 19 civ. 19018, and USAP3 No.

21-1118 etc., etc., together with list of Motions Requesting Pro Bono "service" ADA

assistance the reasonable accommodations, consistently denied over 13 times, is an

embarrassment' to equal justice under the law and due process. As seen, and as

documented of, the extracted [copy-pages] from Petition for Writ Mandamus sent to be filed

in United States Supreme Court, however, returned without and prior to filing, same as

previous Petition for a Writ Certiorari (30 copies 50 pages each, in sum w/motion poor

person @ cost over $400. for indigent person; sent to be filed, is also indicative of papers, all

denied, dismissed or with prejudice, orders without comment nor opinion, as follows:

**""EXHIBIT/s: 3/25/1988- (Multitude of failures in dismissing Motion for Attorney,
Judges, many times the abuse of discretion or said criteria "discretion" unwarranted
and unconstitutional in these extraordinary circumstances disabled litigant request
Pro Bono assistance and court services. ADA- Princeton Medical Center "patient
diagnosed severe digestive-system disorder Crohn's disease...now treated with
Prednisone- Steroids; Department Health and Human Services Social Security
Administration (SSA), Hearings and Appeals, Civil Action No. 92 Civ. 7351 (PKL),
on remand from United Sates District Court Southern District, 1992 "Claimant is
disabled within meaning Social Security Act (ADA Title II and III)...by reason
illogical thought processes, etc." permanent impairment both physical and mental;
2/22/2016- An Ordinance creating historic preservation Witherspoon-Jackson**

historic African slave enclave come under protection National Historic Preservation
Act (NHPA) Section- 106 forbidding any and all "changes or alterations" to buildings
and structures, by reason designated Black Landmark district on National Register;
10/15/2019- U.S. District Court N.J., Motion request appointment Pro Bono counsel
19 cv 19018; 11/21/2019- U.S. District Court, N.J., Motion to Appoint Pro Bono
counsel "denied" 19 cv 19018; 01/23/2020 Letter, defendants city denying appeal
and granting "approval" for mural painting to begin; Dated: 1/29/2020 Letter Order
"In Re William Saunders" No. 19-3702 "Order" U.S. Court of Appeals Third Circuit
No. 19 cv 19018 "dismissed for failure timely to prosecute" (does not state what issue
untimely? (e.g. 19-3702); 6/2/2020- U.S. Court of Appeals Third Circuit, Motion 19-
3502 Request to Proceed In Forma Pauperis; * the judgment first and only timedate
received by plaintiff/appellee such "judgment" on or about
January 19ᵃ, 2022 making timely submission Petition for Writ
Certiorari filed in the U.S. Supreme Court on April 5ᵃ, 2022, thus-
01/08/2021 U.S. District Court N0. 19 cv 19018 (Magistrate Judge, a judgment
"enter August 24ᵃ. 2021" however "Dated- 12/28/2021" states in pertinent part
"…ajudged that by this Court [Appeal 3ʳᵈ Circuit] is that the judgment of District
Court entered January 8ᵃ, 202, be in the same is hereby affirmed [Circuit Judges]:
the "certified copy issued in lieu of a formal mandate on this January 19ᵃ, 2022." Is
in reference to the January 8ᵃ 2021, 5 page order No. 19-19019 opinion of district
court judge in "dismissing the third and final amended of four complaints filed and
revised, on ground failure to state a >"effective"< claim >"communicate"< thus
"dismissed with prejudice and case closed; 1/08/21- Order [5-pages[, designated by
Court of Appeals Circuit Judge Panel, to be Final Judgment, of, U.S. District Court
No. 19-19018 in dismissing complaint "with prejudice and case closed" on ground
failure to state a claim on the third amended complaint (out of four originally filed in
that court); 3/16/2021- Motion for Appointment of Counsel "is refered to motions
panel" U.S. Court of Appeals Third Circuit No. 21-1118 and No. 19 cv 19108 U.S.
District Court N.J." (On information and belief, it is assumed the Clerk
confused or mixed-up this decision with the 01/08/2021 final Judgment
'Certified Mandate' entered January 01/19/2022, thus, thereby making April
5ᵃ, 2022 filing of the Petition for a Writ of Certiorari timely filed: explains
why[] petitioner/plaintiff did not receive a final judgment from Court of
Appeal, that, until 01/19/2022 made aware "Mandate" entered, stating> the
district court's order 01/08/2021is the 'Order' and 'Final Judgment' to be
considered as the one for petitioning to Supreme Court, is incorrect;) and,
(Cont.): 04/26/2021- "Motion for Appointment of Counsel is denied" No. 21-1118 U.S.
Court Appeals 3ʳᵈ. Circuit" No. 19 cv 19018 U.S. District Court New Jersey;
05/4/2021 U.S. Court of Appeals 3ʳᵈ. Circuit 21-1118 "…this will serve to your
response of dated April 30, 2021, enclosed copy of Court's order entered April 26,
2021, your motion for appointment of counsel and briefing schedule…" order;
12/28/20- (Does not show nor list court docket number: at top of page is date August
24ᵃ, 2021, McKee, Shwartz. and Restrepo, Circuit Judges ) "…Ordered and Adjudged
by this Court that the judgment of District Court entered January 8ᵃ, 2021 be in
the same is hereby affirmed" (at bottom of page shows Certified seal stating "formal
mandate") and dated January 19ᵃ 2022; 01/19/2022 (a letter notice received by

Appellant/Plaintiff after January 19ᵗʰ, 2022, advising that "the Mandate is by letter" however is addressed to a 'Dear Mr. Walsh' to who does not explain to appellant the title of a Mr. Walsh?) 21-1118, and from 19 cv 19018; 4/6/2022- United States Supreme Court, adversary and Notice, that "…No. 21-1118 Petition for a Writ of Certiorari postmarked April 4th, 2022 and received April 26th, 2022…is out of time,…petition was due on March 28th, 2022, sent by Clerk of the Court and signed by Emily Walker. Many-a-time requested, to district court, please correct their mistake title of defendants, should read "City and Municipality of Princeton, New Jersey, et al." clerk insist on making it "Arts Council of Princeton.""

9.    Truly, a judicial system disgrace, a conundrum to real, imminent, and continuum, for return of paradox discrimination, fierce harm predictable for this and next filing. Defendant shame, ADA reasonable to assign Pro Bono counsel; make certain every avenue covered of no doubt court's "discretion" not used in this instance, where only measure should be constitutional an accommodation for disabled plaintiff communications flawed, that to renew defendant's lack of integrity purpose do injury and irreparable harm. May even be so damaging to all Black class, the disabled persons as a people, to be "nail in coffin" a judicial discriminatory animus.

## S T A T E M E N T
### (facts and claims)

10.    On July 24ᵗʰ, year- 2019, local newspaper, historic Town of Princeton, New Jersey, the headline "Proposed Mural for W-J Stirs Controversy" [front page artile in Town Topics] a reference Hispanic Mural to be dedicated, entitled initially "Immigration" in honor of migration illegal-aliens brought town's ire and the proposal was promptly changed to title 'The Journey' mural painting on wall of building.

11.    The uproar persisted, and increased, anger and "controversy" within Black community much protest and marching against the mural placement, A legendary

historic Black slave colony known throughout the world (tourist attraction) particular of unique and quality with outstanding civility of its residents, the character of identity from heritage, tradition, and culture derived of African slave history. Blacks of Princeton W-J overcame strict "Southern type" racial segregation and 'Jim Crow' by a town of racial segregation last northern State in the nation to desegregate, is slave enclave for escaping bondage, to freedom, during civil war era.

12.    Thus, the "identity" of W-J arise Black history and the heritage sacred a holly place deeply rooted in America's consciousness by tradition right to Liberty, Life, and Happiness, pursuant to constitutional right "identity" secured. In so, 2015 the W-J ordained Black Landmark an American treasure placed on National Register.

14.    Black slaves fought in the American Revolution *i.e., at Battle of Princeton;* served in the Union army civil war. Fought overseas in World War I; was plaintiff's grandfather served as solider in that war. Blacks, in overwhelming numbers also drawn from the W-J frought for United States in Korean war, WW II, Vietnam War were several of plaintiff's close (Black) friends and schoolmates perished.

15.    Yet, the city municipality, defendants, in lawsuit, determined such redeeming value of over 200 contributions by Black slaves the-also citizens, amounted to nothing (same as courts a-judge presently that plaintiff-disabled, ineffective communication, amounts to nothing... and does not qualify attorney assistance accommodations).

16.    The city, applied for and took government art grants to install mural, without proper notice nor voice of, nor governmental due process Black people right to be heard. Moreover, where National Historic Preservation Act (NHPA) prohibits "any changes or alterations" to Black Landmark, the city went full ahead anyway: even disregarded the nearby "Old Negro Burial Grounds" where Black decedents going

=8=

back generations burial resting places.

17.     More assuredly, Princeton city history reveal, and Princeton University records of history concur >Blacks, slaves, latterly built the town of Princeton, and Princeton University< is brick by brick. In fact, plaintiff grew-up on Quarry Street central within the W-J boundaries you' will find 'Stone Quarry' where the bricks taken and made to order for building of the town and university, by slaves.

18.     More significant, the placement of mural painting is at center attraction W-J so called "crossroads" John and Leigh, once Black mecca: the historic house once plaintiff's grand-parents home, is located next door to that mural placement. More so problematic for defendants, is Black woman legendary and historic figure, Betsey Stockton, born a slave, and then became missionary; founder and teacher for three decades at and of historic "Witherspoon Street School for the Colored" the school located a short distance half-city block from that mural placement.

19.     Other records, extensive family research, uncovered, that "niece of Betsey Stockton married Samuel Lane" indicates that Edith Lane McGowen and George McGowen, plaintiff's grandparents: Edith's grandfather Samuel 'LANE' may have married relative of Betsey Stockton. In essence, plaintiff has personal stake in the outcome civil action against defendant city. Or, put another way "controversy" for standing to sue.

20.     Black ground, holly. Princeton's recorded history of W-J Black community, states- "African slave residents regularly a ritual buried family members in backyard places near homes" and did so because the city graveyard was racially segregated. Raises the constitutional question, is whether the building with wall NHPA "changes

alteration" mural painting is upon sacred ground, holly, Black slaves resting places?

21.     Defendant city, to accomplish their aim 'Hispanic mural placement' wherein NHPA strictly forbids, and that, without first, an opportunity for federal government "to review thoroughly" and make findings of fact is to any party of person or entity opposing the mural: and such must be carried-out prior to granting permit.

22.     Prior to issuing city permit or allowing ordinance become law for Hispanic mural begin painting, no NHPA review allowed by defendants, Black community residents due process and voice in the matter completely shut-off, is reason enough to believe Hispanic non-citizens given "preferential treatment" as charged in the complaint. And, a claim, that "unconstitutional are Sanctuary city policy" when made controlling law over democratic rule.

23.     Yet, in this event, basis of civil action, no permit garnered, and ordinance voted by city council members, on, and that without NHPA first the review and then NHPA consent to start painting; only after NHPA reporting completed which demonstrates and investigates "the effects negative upon those opposed" to placement of mural, is federal law by Act of Congress, NHPA *e.g. Federalism, of separation of powers* defendants in violation of the United States Constitution.

24.     On November 6th, 2019, the backers of art[] mural "project" declared in an article written, Town Topics, heading "Mural Nears Completion, Dedication Scheduled for November 9th" and went on to state- "...inviting the community to reveal party..." or indicating LGBTQ coming-out party. This then, at the center of Black slave history, a mural implicated celebration gay lifestyle, and having nothing to do with Black identity.

25.     For the record, two months prior to mural painting began, plaintiff was approached by community Black leaders, insisting upon this artist's help in halting the painting placement. Immediately, and two months prior to start painting on mural, did file civil action also seeking Injunction, and Declaratory relief. Judge dismissed the action, with prejudice, for "failure to state merit of claims."

26.     Over 13 motions requesting legal assistance that to help perfect complaint and help by proper communication, one lawfully mentally incompetent "illogical thought processes." The irony is that, but for mental impairment within communication effective, the complaint may have never need (4 times) amended: in and of itself the many times amended complaint, presented to the Judge. Is clearly controlling >something wrong< other than failure to state a claim.

27.     Something >is amiss< when on two separate occasion Clerk of United States Supreme Court refuse to file the Petition for Certieria, and then the Petition Mandamus NISI, both as untimely filed. Very unusual, very discriminatory against the disabled, and may even be racial bias, if considered, how many times done to his class? he represents, is upon discovery, if allowed to proceed, with counsel Pro Bono.

29.     Judged, inability to perform litigation presenting a claim, but at the same moment court refuse to acknowledge lack of communication or ineffective, and then to add injury to insult, refuse to grant Pro Bono assistance to correct amending complaint. Leaving disabled-plaintiff with no avenues of redress.

30.     Yet, very uncordial by a respected administration of judiciary, a Judge never to make inquiry into Judge's own policy or administration office of the courts, as to whether use "discretion" apply in this situation ADA communication Constitutional

-11-

"law" ADA asserts: forbids court's discretion in such extraordinary circumstances of one declared "illogical thought processes" disabled lack of communication.

31.    Pro Bono assistance a "reasonable accommodation" wherein, such Judge will go on, along with Administrative Office of Courts, wondering for the rest of their lives whether due justice been done? At least if one has a conscience caring about the disabled unencumbered access to courts; if, on the basis, of color, or race, is a plaintiff inclined can so understand that…, he's usta' it. But, here, one whom ineffective communication and has shown on docket and in court records, orders, and judgments, clearly identify Judge at fault. Responsibility bears on the court.

32.    Federal Judge failure, inability, or just plain indifference (lazy) to take a small step further to understand plaintiff's pleadings disrupted by lack of communication and is therefore a disability require all benefit doubt reasonable accommodations, assigned Pro Bono, as safeguard.

33.    A Judge without inquiry or suspicion, is no arbitrator of the law. A court system in neglect due process for plaintiff/disabled is Judge without due diligence to protect that person from himself. For its Judges obligation to "understand" and the Administrative Offices to train or teach fundamental fairness; or, is no court judicial system at all. Administrative office of Courts, defendants, with no desire to correct its flawed policy, is of no redeeming value.

34.    That not[] to seek the truth, and when another federal district court rules permanent disability "illogical thought processes" is disregarded by the other court, is such a severe injury with harm unyielding to real and imminent returning at every instance anew a different filing of civil action, petition, or motion. The harm revisited again, and again, and again, on into the future, or until court recognize,

and admits its mistake.

35.     Or, court, make correction. O be it each time re-filing with damage done irreversible harm and injury to legitimate pleadings, where fact claims have merit but gone misunderstood due to ADA lack of communication. Whereby, to reiterate, records presented to that judge., each time denied and without further comment nor acknowledgement, by judge, plaintiff's disability a lack of communication.

36.     We' here in the hood, ghetto, recognize court system[s] of justice, as the same old deep South: to what known in the "W-J" where ever once in awhile Whites take notice Black historic Landmark, and give the culture and African traditions the respects it deserves "be left alone" in identity secure, as a God given right, and under our Constitution as a way of life. The mural must go, different place.

37.     Black slaves usta' exclaim, and historians verify, "thank God, free at last!!!" when rolling into W-J stopping-off place for 'Underground Railroad' gain freedom from constant under harms by injury to soul, and freedom, to avoid death. One can say the same for our judiciary- however, when "rolling in" most times rolled-out with explicit injustice for Black folks.

38.     Plaintiff, pray this time "thank God!" finally a fair court. No constant harm done repeated nor to return at each, and every, next filings, (plaintiff about to file a complaint challenging that part of NHPA where unclear and vague the process for issuing permit, when, forbidden changes or alterations), nor further harm done to people of Black W-J community. Once a small Black slave settlement, now over 18 square city street blocks made-up of over 700 middle-class Black owned family homes, the inhabits tracing their heritage, or lineage, back over 300 years.

-13-

39.     The defendants, city and municipality of Princeton, New Jersey, and Arts Council of Princeton (ACP), on application to National Endowment for the Arts and in seeking federal funds to support art programs and artist, did falsely alleged an "art project" mural painting.

40.     However, the November 6th, 2019 edition of Town Topics Newspaper, so reported, by article, in defendants own characterization of the mural project, is labelled undertaking intent for a sign: no art project. In fact, a political sign, states 'Welcoming illegal-immigrant' first entitled "Inmigration" and then later changed to title 'The Journey' meaning non-citizens trip crossing the border from Mexico into the United States, undocumented, and unlawful. Is political, and misrepresents to the Black community true nature of a political sign in favor of illegal immigration: and denying Black citizens a say in a matter that reflects upon true "identity" of origin as a Black slave Landmark story of those seeking freedom, not a a journey, rather, brought here America and against their will.

41.     The Nov. 6th, article, takes a step further, whereby, ACP, and artist, admits by confirms the political sign is in fact also meant "a celebration of gay rights *e.g. reveal party"* for LGBTQ folks their interests, and for those reason may be discriminatory against minority group citizens and residents going back generations Black Americans. Such a claim, dedication to "immigration" and "gay rights" may have the effect of misleading generations of Black children to come, that their homestead has its roots bi-sexuality and illegal immigration, instead of factual African slavery, and those traditions proud Africans of heritage by due respects for holly grounds, esteem "identity" and cultural concerns as redeeming value.

-14-

## CLAIMS

**Count I:** Defendant, discrimination in court process Pro Bono assigned for the disabled, and Black Americans, is by the Administrative Office of the United States (AO) willful failure to duty charged with oversight and accountability for actions and inactions of Judges and Clerks, when denial access to courts for the disabled. And, when such conduct failure results in Judges using "discretion" when 'law' ADA and 14th Amendment to Constitution disallows same in matters entitled to benefit fundamental fairness by review issue arise disabled lack of communication.

**Count II.:** Defendant, AO wanton failure to impose stringent standards of conduct for its Judges and judiciary, when they confronted with request for Pro Bono counsel, is failure to train Judges to self-enforcement legal and ethical rules.

**Count III.:** Defendant, AO knowingly and willfully failure by inaction did allow Judges and Clerks, to administer judiciary misconduct with personal animus against the disabled, and when intentionally aimed at disabled equal opportunity access to courts. A systematic real and imminent harm from continuous injury designed make disabled litigant return filings again and again each time the same result, denial due process, and on all motions seeking attorney "help" for disabled.

**Count IV.:** Defendant, AO at all times relevant, knew or should have known the Judges have in their possession clear record from federal district court "illogical thought processes" of disabled litigant, and did nothing with that information, and deliberately ignored by failing to hold review hearing. That AO misconduct official and as individual, in continuum that in this proceeding is predicable same injury by irreparable harm will return, repeated, is certainty.

**Count V.:** Defendant aware Black disabled-person a member minority group, and through Judges' court records knew of plaintiff's mental declining health, and of the incapacity to perform effective communication is ruling of Social Security Administration, ADA reasonable accommodations required of Judges decisions, and yet AO encouraged Judges to give no import or to consider those facts, rather, court stated its irrelevant. Thereby defendant AO purposeful causing more and further mental cruelty for plaintiff, and AO did nothing to correct acts of Judges who fully aware dire consequences plaintiff's filings "failure to state merit of claims" or "no standing" or "no jurisdiction" is AO placing disabled plaintiff under severe and constant extreme emotional mental distress- which caused lack of performance.

**Count VI.:** Defendant AO unwillingness to correct Judges do sustaining injury by denying disabled fundamental fairness access to court, or waiver lateness filing papers as a reasonable accommodation when good faith effort made to timely filing, but, ineffective communication gets in the way timeliness. Had AO performed its duty challenging Judges and Clerks to better "understand" the disabled pleadings, there would be no need for a complaint or injunction: that without "help" from qualified Pro Bono legal assistance, the AO defendant and Judges will never know the true extent disabled litigants ability, therefore all legal determinations by courts and to this date should be thoroughly reviewed allowing petitions which turned back refusal to file in United States Supreme Court, to go forward with "help" fro assigned counselor.

## RELIEF

42.    Title II and III of the ADA, and Section- 504 of the Rehabilitation Act in this

extraordinary circumstance defendant AO allow Judges to go on using "discretion" as the criteria, when, in this situation, "discretionary" powers are as a matter of law Act/s of Congress disallow basis "discretion" determination standing to sue.

43.    Therefore, plaintiff-disabled and court continues to use discretion to decide merit of claims when Judge misunderstands ineffective communication, litigant will go on suffering harm and pain from denial access to court on AO defendant failure to reign-in the Judges to properly access on foundation Act/s of Congress, and unless this Court issues injunctive relief, the certainty return of irreparable harm, on this filing and further motions on request of court assigned Pro Bono assistance.

44.    **WHEREfore**, Plaintiff, absent legal help perform pleadings for merit of claims and to gain standing in courts. Respectfully requested of this Court, to halt AO, cease pain and suffering irreparable harm sustaining now, guaranteed to return, certainty not "likelihood" more injury, unless relief granted assist pleadings.

45.    Also, in this complaint; Court render injunction which suggest to AO the need to advise Clerks (include of U.S. Supreme) to make exception for the disabled, filing complaints, petitions, or motions, in court system, and regardless whether same "untimely" filed: *in this instance petition/s to Supreme Court approximately 5 days late, returned without filing].*

46.    AO enjoined from further failure, to warn, the Clerks, and Judges, 'give disabled litigants exceptional opportunity[] to file timely: when courts below fail to access lack of communication. To accept filings, no further, harm?

47.    Thus, to enjoin AO from further allowing, tacit, or implicit, approval of discriminatory practice, pattern, and policy, that bolster Judges ignoring present fundamental unfairness for disabled litigant.

-17-

48.     Request for, additional, when, claims come under ADA and 504, requirement is clear, by 'Law' which replace "discretionary" authority, that to enjoin AO and granting to courts legitimate assessment of a plaintiff's ineffective communication and when that disabled litigant has presented, if even, is barest of facts, or information (such as previous district court ruling "illogical thought processes"), the previous, and ongoing judicial proceedings should [have] now be suspended immediately, and Judges' to make inquiry or finding of fact 'plaintiff's mental capacity "communication skills" to perfect standing to sue; merit of claims; and jurisdiction, and this regardless the complaint or motions worthy or no.

49.     Is then by attorney "help" then and only then is dismissal or with prejudice a constitutionally sound able to withstand 14 Amendment strict scrutiny. Is proper. In essence ineffective communication attached to inability-mental to perform court standards the pleadings must be excused and all "untimely" forgiven as a matter of law' ADA accommodations.

50.     The 14th Amendment of United States Constitution, all Judges and AO obligation to the disabled, also under AO guidelines- 28 U.S.C. Part III, deals with court officers acting under Chapters 41-58, of AO the mandate which comprises Sections 601–613, has been assigned to 28 U.S.C., also Chapter 41.

51.     Is upon all averments within this complaint, and by supporting documents a part of the records in this the federal District Court of New Jersey; and, 3rd Circuit Court of Appeals; and, as presented to U.S. Supreme Court clerk of court, that Plaintiff request injunction issue, and relief granted all returned filings be reinstated forthwith in U.S. Supreme Court, whereby plaintiff as against the defendant, and for what other else relief this Court deem just and proper.

## S P E C I A L.  R E Q U E S T for R E L I E F

52.     A petition sent to Clerk of United States Supreme Court seeking a Writ

Certiorari to issue, Civil Rights case "USAP3 No. 21-1118" denied filing on ground

as stated "untimely" yet a close inspection of the Docket Sheet in lower court would

underscore petition filed early *al be it* five days before deadline of 90 days. In any

event, if all the extraordinary circumstances taken together herein pleaded are

claims an ADA disability lack of "effective communication" coupled with Judge/s

consistent failure (lack of training) to decide issue of Pro Bono request by

"discretion" where one demonstrates disability lack of communication skills

responsible for tardiness or just plain mentally incapable to structured timing.

53.     Add the fact that Judge/s fully admit "unable to understand" disabled

litigant's pleading merit of claims and averments for jurisdictional, standing. More

alarming, glaring, outstanding and conclusive that the injury with dire harm done

by Judges, and Clerks, on July 1st, 2022, a Petition sent for filing, timely,

in U.S. Supreme Court, that seeking "Writ of Mandamus to Compel filing of 21-

1118" and most important or significant, it was addressed to ""NISI"" the Honorable

Supreme Court Justice represent 3rd Circuit and jurisdiction over petition claims.

54.     More so alarming (Exhibit attached) is copy of Clerks letter dated 7/1/2022

returning the NISI petition, *quote: "the above-entitled..., Arts Council, City and*

*Municipality of Princeton, New Jersey, defendants N0. 21-1118...was received*

*>again< June 28th, 2022."*

55.     In fact 'N0. 21-1118 clearly was not sent ""again"" the Clerk confuses the

'NISI' Mandamus petition with >again< the previously sent Petition for Cert.: and,

where the NISI (See: Copy of Cover Sheet) clearly states "Extraordinary Writ Mandamus," and having nothing to do with the former >again< said "late" filing for Cert. relief. In fact, NISI names "Judge/s" as defendants: however, rules state not to place those names on the cover (See: exhibits)- *i.e., page "-i-" and Contents, list "Respondents" names of the Judges who are parties joined, to a NISI petition.*

56.     Were the petition N0. 21-1118 studied closely and compared with the dates of 'Motions for Assigned Counsel' it would demonstrate to this Court's satisfaction that the Clerks of Supreme Court did, from the first instance, and in the second-place NISI petition, confuse docket dates in lower court the time for filing in U.S, Supreme Court. In any case, ither argument is irrelevant {"late" or "timely"} that until a federal court of United States recognize extraordinary circumstances> where an ADA "ineffective communication," then missed by Judges, also ignored Judge of district court opines- "can't understand" the plaintiff's pleadings.

57.     But, Judges, never paused, yet did harm rather than to assist the disabled: their lack of training and compassion, are, at bottom lack of obligation to 14th Amendment safeguards.

58.     At this point, plaintiff, and appellant, class of disabled he represent, are all harmed irreparably, unless 'special request for relief' is granted in this court. Where no correction, been grievously harmed predicts it will happen again "return" at this filing, and filings into the future. No way to tell if the plaintiff's claims are with merit, unless and until Pro Bono assigned.

59.     **THEREINFORE**, and respectfully, as follows:

A.)     Special request granted, that this disabled-litigant is by this court, to ask the

United States Supreme Court, Clerk thereof, to reconsider filing of both petitions-
Cert., and NISI.

B.) To admonish Judges, Clerks, forthwith give heighten judicial review any hint
discrimination a prejudice towards "reasonable accommodation," for the disabled.

C.) To give "SSA benefit" of doubts, to plaintiffs, whenever even a hint occur of
"ineffectiveness" communication: wheelchair bound disabled can readily be seen,
but one who lack communication skills require Judges to see' what unseen.

**WHEREBY**, NISI petition is valid and timely filed (keeping in mind, both
petitions in U.S. Supreme has as little chance of being heard as a snowball in hell)
therefore same should be accepted for re-filing. The principle is wipe-out spectacle
of discrimination against the disabled and if on account of race; to prevent further
harm to return. For reasons stated also 'Special Request' and for whatever this
Court deem necessary and proper relief.

**CERTIFICATE OF COMPLIANCE**

I, William Hardy Saunders, Jr., Artist & Photographer, do hereby on the 13th, day of July, 2022,
certify to best of ability and as poor person *pro se* has presented complaint Civil Action seeking
Injunction to Issue as against the defendant, is for filing in United States District Court District of
New Jersey, is not within the litigant's means by dire financial constraints and disability, do
respectfully request waiver number of copies submitted for filing, civil Rule 5.1 and accordingly,
only source of income income from Social Security Administration (SSA); however, for most part
in compliance with 28 U.S.C. § 1746, is within word and page limit.

by:_____
William Hardy Saunders

Dated:_____
July 13th, 2022;

**PROOF OF SERVICE**

I, William Hardy Saunders, Jr., Artist & Photographer, *Pro Se* Petitioner, do hereby respectfully submit for filing in this the United States District Court for District of New Jersey, Pro Se complaint a Civil Action naming defendant as seen is described hereto on cover page; is on this the 13th, day of July, 2022, affirm pursuant to 28 U.S.C. Section- 1746, do declare under penalty of perjury on information and belief that the foregoing is true and correct. and that I have on this the 13th day of July, 2022, forwarded sent through United States Postal Services, is by certified mail-receipt the original complaint sent, Civil Action seeking Injunction to issue against defendant, and is by accompanying **Motion on Request for court assigned Pro Bono counsel; Affidavit in Support Poor Person Application; and, Request Waiver Number of Copies Required,** is accordingly under 28 U.S.C. Section- 1915 (e)(1) seeking attorney, and proceed without prepayment of fees and costs by reason *In Forma Pauperis* status; is respectfully submitted to the Clerk of Court, for whatever the Court deem necessary and appropriate in these proceedings; signed (w/thumb-print), and as follows:

Signed:

DATED: 7/13/2022

*Defendants:*

Administrative Office of the United States Courts
[United States Attorney General Department of
Justice; 101-165 M St. NE, Washington, DC 20002]
One Columbus Circle NE.
Washington, DC  20544
(202)-502-2600

*To:*

*United States District Court*
*District of New Jersey*
*Martin Luther King Building*
*United States Courthouse*
*Clerk of Court*
*50 Walnut Street*
*Newark, New Jersey. 07102*
*(973) 645-3730*

**WILLIAM HARDY SAUNDERS, JR.**
*Pro Se; Petitioner*
**Elm Court at 300 Elm Road #225**
**Princeton, New Jersey 08540**
(609) 731-6403
*wsartistphotographer@yahoo.com*

*{SEE ALSO: ATTACHED VERIFICATION OF DISABILITY}*