<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| WILLIAM HARDY SAUNDERS, JR., <br><br> Plaintiff, <br><br> v. <br><br> ADMINISTRATIVE OFFICE OF THE UNITED STATES COURTS, <br><br> Defendant. | Civil Action No. 22-04699 (GC) (RLS) <br><br> **MEMORANDUM OPINION** |

<u>**CASTNER, District Judge**</u>

This matter comes before the Court upon Plaintiff William Hardy Saunders, Jr.'s Application to Proceed *In Forma Pauperis* together with Plaintiff's Complaint against Defendant Administrative Office of the United States Courts.  (ECF Nos. 1, 1-4.)  For the reasons set forth below, and other good cause shown, Plaintiff's Application to Proceed *In Forma Pauperis* is **GRANTED**; however, Plaintiff's Complaint is **DISMISSED**.

**I.      BACKGROUND**

      **A.      The Original Action**

On October 16, 2019, Plaintiff filed a separate action with an application to proceed *in forma pauperis* (the "Original Action").  (*Saunders v. Arts Council of Princeton*, Civ. No. 19-19018 (D.N.J.), ECF Nos. 1, 1-2.)  Plaintiff named various defendants, including the Art Council of Princeton, Princeton University, the Princeton Historical Preservation Commission, and several members of the Princeton City Council.  (*Id.*, ECF No. 1.)  On the same day, October 16, Plaintiff also requested appointment of *pro bono* counsel.  (*Id.*, ECF No. 2.)  In the Original Action, Plaintiff

alleged civil rights violations under 42 U.S.C. §§ 1981-83 and violations of the United States Constitution, the National Historic Preservation Act, and a local Princeton ordinance, all stemming from the creation of a Hispanic heritage mural in the Witherspoon-Jackson Historic District of Princeton.  (*Id.*, ECF No. 1 ¶¶ 51-56.)

The Court granted Plaintiff's first application to proceed *in forma pauperis* but dismissed the complaint without prejudice after screening it pursuant to 28 U.S.C. § 1915(e)(2).  (*Id.*, ECF No. 3.)  The Court also denied Plaintiff's motion to appoint *pro bono* counsel.  (*Id.*, ECF No. 8.)  On December 19, 2019, Plaintiff filed an amended complaint.  (*Id.*, ECF No. 9.)  On August 10, 2020, the Court dismissed Plaintiff's amended complaint, finding that Plaintiff failed to plausibly plead the legal or factual bases of his claims under federal law or the U.S. Constitution.  *Saunders v. Arts Council of Princeton*, Civ. No. 19-19018, 2020 WL 13602838, at *2 (D.N.J. Aug. 10, 2020).  The Court declined to exercise supplemental jurisdiction over any remaining claims alleging violations of state law or local ordinances.  *Id*.  On September 8, 2020, Plaintiff filed a second amended complaint.  (*Arts Council of Princeton*, Civ. No. 19-19018, ECF No. 14.)  On January 8, 2021, the Court dismissed Plaintiff's second amended complaint with prejudice, reiterating that Plaintiff's allegations of constitutional rights violations and racial discrimination did not satisfy the liberal pleading standards for *pro se* litigants.  (*Id.*, ECF No. 15 at 3-4.[1])

On January 22, 2021, Plaintiff appealed the dismissal of the Original Action to the United States Court of Appeals for the Third Circuit.  (*Saunders v. Arts Council of Princeton*, No. 21-1118, ECF No. 1.)  On April 26, 2021, the Court of Appeals denied Plaintiff's request for appointment of *pro bono* counsel, finding that he had not met the standard for the relief set out in

---

[1]    Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

*Tabron v. Grace*, 6 F.3d 147, 155-56 (3d Cir. 1993).  (*Saunders v. Arts Council of Princeton*, No. 21-1118, ECF No. 6.)  In his *pro se* appeal, Plaintiff raised claims of racial discrimination and due process and equal protection violations arising from the approval of the mural and the Court's denial of his request for *pro bono* counsel.  (*Id.*, ECF No. 8.)  Plaintiff also asserted that he was entitled to *pro bono* counsel under the Americans with Disabilities Act (ADA), because he was permanently disabled under the Social Security Act.  (*Id.*, ECF No. 8 at 15, 24-25.)

On December 28, 2021, the Court of Appeals affirmed this Court's judgment, holding that Plaintiff's pleadings included merely "conclusory arguments, with little to no citation to the record or relevant authority."  *Saunders v. Arts Council of Princeton*, Civ. No. 21-1118, 2021 WL 6124315, at *2 (3d Cir. Dec. 28, 2021).  The Court of Appeals noted that Plaintiff failed to establish the necessary elements of a statutory claim of racial discrimination or plead sufficient facts as to how the defendants' actions furthered a discriminatory purpose.  *Id.* at *2-3.  The Court of Appeals also dismissed Plaintiff's claims under the Social Security Act and the ADA, neither of which Plaintiff raised below.  *Id.* at *2 n.1.

In April and June 2022, Plaintiff attempted to file a petition for writ of certiorari in the United States Supreme Court and a petition for a writ of mandamus.  (ECF No. 1-2 at 3-5.)  The clerks of the Supreme Court rejected both petitions due to procedural deficiencies of the filing and returned the petitions to Plaintiff via mail.  (*Id.* at 3.)

    **B.**    **The Present Action**

On July 22, 2022, Plaintiff filed this action against Defendant, alleging discrimination based on his race and disability in connection with the courts' failure to appoint *pro bono* counsel in the Original Action.  (ECF No. 1 at 14-15.)  Plaintiff asserts claims under section 504 of the Rehabilitation Act and Titles II and III of the ADA.  (*Id.* at 15-17.)  Plaintiff asserts that Defendant

knowingly and willfully failed to address the allegedly discriminatory misconduct by the judges, who repeatedly denied his motions to appoint *pro bono* counsel, and clerks of the Supreme Court, who did not accept Plaintiff's filings.  (*Id.* at 15.)  Plaintiff appears to request injunctive relief against Defendant.  (*Id.* at 1, 16.)

## II.    LEGAL STANDARD

Under 28 U.S.C. § 1915(a), the Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit."  *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989).  When allowing a plaintiff to proceed *in forma pauperis*, the Court must review the complaint and dismiss the action *sua sponte* if, among other things, the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune.  28 U.S.C. § 1915(e)(2)(B).  For *pro se* plaintiffs, the Court construes the Complaint liberally and holds it to a less stringent standard than papers filed by attorneys.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see Dluhos v. Strasberg*, 321 F.3d 365, 373 (3d Cir. 2003) ("[W]e must liberally construe the *pro se* litigant's pleadings, and we will apply the applicable law, irrespective of whether he has mentioned it by name.").  Still, the Court need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'"  *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

Federal Rule of Civil Procedure 8 sets forth general rules of pleading and requires (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) allegations that are "simple, concise, and direct."  Fed. R. Civ. P. 8(a)(1), (a)(2), (d).

## III. DISCUSSION

### A. *In Forma Pauperis* Application

The present Application shows that little has changed in Plaintiff's financial profile since the Court determined in the Original Action that he was entitled to proceed *in forma pauperis*. (*Compare* ECF No. 1-4 *with Saunders v. Arts Council of Princeton*, Civ. No. 19-19018, ECF No. 3.) Thus, Plaintiff may proceed *in forma pauperis* in this action.

### B. Review of Complaint

#### 1. Claim Under Title II of the ADA

Title II of the ADA does not apply to federal agencies; it "applies to discrimination by state or local governments." *Evans-Sampson v. United States Dep't of Just.*, Civ. No. 21-1834, 2022 WL 883939, at *2 (3d Cir. Mar. 24, 2022) (citing 42 U.S.C. §§ 12131(1), 12132; *see also Cellular Phone Taskforce v. F.C.C.*, 217 F.3d 72, 73 (2d Cir. 2000) ("Title II of the ADA is not applicable to the federal government."). Here, Defendant is a federal administrative agency and, as such, may not be sued under Title II of the ADA. Thus, Plaintiff's Title II of the ADA claim fails.

#### 2. Claim Under Title III of the ADA

"Under Title III of the ADA, it is unlawful for a public accommodation to discriminate against an individual on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations." *Regents of Mercersburg Coll. v. Republic Franklin Ins. Co.*, 458 F.3d 159, 164 (3d Cir. 2006). To establish a public-accommodation claim under the ADA, a plaintiff must show that (1) he is disabled, (2) the complained-of venue is a "public accommodation" under Title III of the ADA, and (3) the venue unlawfully discriminated against the plaintiff on the basis of his disability by failing to make a reasonable modification that was necessary to accommodate his disability. *Matheis v. CSL*

*Plasma, Inc.*, 936 F.3d 171, 175 (3d Cir. 2019). A plaintiff whose claims have no nexus to the physical place of operation of the defendant's business cannot be discriminated against in connection with a public accommodation. *See, e.g.*, *Ford v. Schering-Plough Corp.*, 145 F.3d 601, 613 (3d Cir. 1998) (holding that under Title III of the ADA, an insurance office must be physically accessible to the disabled but need not provide insurance that treats the disabled equally with the non-disabled); *see Demetro v. Nat'l Ass'n of Bunco Investigations*, Civ. No. 14-6521, 2019 WL 2612687, at *15 (D.N.J. June 25, 2019) ("[I]n the context of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182 ('ADA'), the term 'public accommodation . . . is limited to *physical* accommodations." (quoting *Peoples v. Discover Fin. Servs., Inc.*, 387 F. App'x 179, 183 (3d Cir. 2010))) (emphasis added in *Demetro*).

Here, Plaintiff alleges that Defendant discriminated against him based on his disability by the Court's denying him *pro bono* counsel. (*See generally* ECF No. 1.) Beyond this conclusory assertion, which touches only the first element of a public-accommodation claim, Plaintiff does not explain what facts (if any) support any of the other elements or how the denial of *pro bono* counsel concerns a physical accommodation. Thus, Plaintiff's Title III claim also fails.

3.  Claim Under Rehabilitation Act

Plaintiff also asserts that the Court's failure to provide *pro bono* counsel violates section 504 of the Rehabilitation Act. (ECF No. 1 at 15-16.) To state a claim under the Rehabilitation Act, Plaintiff must show that "'(1) he is a qualified individual; (2) with a disability; (3) he was excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or was subjected to discrimination by any such entity; (4) by reason of his disability.'" *McDonald-Witherspoon v. City of Philadelphia*, 481 F. Supp. 3d 433, 439 (3d Cir. 2023) (quoting *Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 553 n.32 (3d Cir. 2007)).

Section 504 "applies to disability discrimination cases 'under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency.'" *Alsop v. Fed. Bureau of Prisons*, Civ. No. 17-02307, 2020 WL 13282134, at *7 (M.D. Pa. Sept. 30, 2020) (quoting 29 U.S.C. § 794), *aff'd*, Civ. No. 22-1933, 2022 WL 16734497 (3d Cir. Nov. 7, 2022). Plaintiff must demonstrate that he was "denied the benefits of" or "subjected to discrimination" under such program. *Liberty Res., Inc. v. City of Philadelphia*, Civ. No. 19-3846, 2021 WL 4989700, at *2 (E.D. Pa. Oct. 27, 2021) (citations omitted). And "there must be a causal connection between the alleged harm and the plaintiff's disability." *Handley v. Rowan Univ.*, Civ. No. 21-16889, 2022 WL 4115730, at *10 (D.N.J. Sept. 9, 2022) (citations omitted). In addition, section 504 does not waive sovereign immunity for damages claims against federal agencies. *Lane v. Pena*, 518 U.S. 187, 196-97 (1996). Therefore, the plaintiff must sufficiently allege that he is entitled to declaratory or injunctive relief. *Alsop*, 2020 WL 13282134, at *7.

Here, Plaintiff does not explain how his disability factored into the Court's decision to deny him *pro bono* counsel. Plaintiff's mere recitals of a cause of action are not entitled to the assumption of truth during the Complaint's preliminary screening. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) ("[A]llegations that . . . are no more than conclusions . . . are not entitled to the assumption of truth.") (citations omitted). Nor does Plaintiff explain why, in fact or law, he is entitled to injunctive relief. It is also unclear how an injunction would address Plaintiff's purported grievances. Injunctions may issue only "to prevent threatened future harm, not to punish." *SEC v. Gentile*, 939 F.3d 549, 560 (3d Cir. 2016) (citations omitted). But here, Plaintiff seeks an injunction to remedy alleged past wrongs — that is, the District Court's and Court of Appeals' denial of his request for *pro bono* counsel in an action that is now closed — not prevent "threatened future harm." Thus, Plaintiff's Rehabilitation Act claim also fails.

## IV.   CONCLUSION

For the reasons set forth above, Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 1-4) is **GRANTED**; however, Plaintiff's claim under Title II of the ADA is **DISMISSED** with prejudice, and Plaintiff's claims under Title III of the ADA and under the Rehabilitation Act are **DISMISSED** without prejudice. Plaintiff shall have thirty (30) days to file an amended complaint that cures the deficiencies set forth in this Memorandum Opinion. An appropriate Order follows.

Dated: August 14, 2023

                                                                                    _____
                                                                                    **GEORGETTE CASTNER**
                                                                                    **UNITED STATES DISTRICT JUDGE**